UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DORIAN McMILLER, )
)
          Petitioner, )
)
    vs. ) No. 1:14-cv-01720-TWP-MJD
)
BRIAN SMITH, )
)
          Respondent. )

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Under *Wolff* and *Hill,* Dorian McMiller received all the process to which he was entitled in No. IYC 14-07-621. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) McMiller was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient

statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed. McMiller's claims otherwise are either refuted by the expanded record or based on assertions which do not entitle him to relief. Specifically, the hearing officer's statement of his findings and of the evidence relied on was adequate because it informed McMiller of the finding and was sufficient to permit meaningful review. *See Culbert v. Young,* 834 F.2d 624, 631 (7th Cir. 1987) (finding brief statement from disciplinary board sufficient when only issue was relative credibility of prison guard and prisoner); *Saenz v. Young,* 811 F.2d 1172, 1173-74 (7th Cir. 1987)(same). McMiller's claim that the proceeding did not comply with prison rules and policies is not cognizable under § 2254(a), which requires alleged noncompliance with federal law. *Wilson v. Corcoran,* 131 S. Ct. 13, 16 (2010). McMiller's third claim is that there was insufficient evidence to support the hearing officer's finding because the sweat pants did not belong to McMiller and because other inmates were also being strip searched. To the extent that the hearing officer found otherwise this court is not required to review the credibility assessment at the root of that finding. *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir.2007); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999) (in reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis"). Moreover, apart from this, the contention is not genuinely exculpatory. That is, it is undisputed that McMiller handed the reporting officer the sweat pants McMiller had been wearing, and is also undisputed that the weapon was with or inside the sweat pants handed to the reporting officer. This means that, regardless of who owned the sweat pants, McMiller was in possession of the weapon, just as described in the conduct report. By stressing ownership of the sweat pants, rather than

possession of them, McMiller has permitted his focus to stray from the only key question of his possession of the weapon.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles McMiller to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 4/14/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

DORIAN McMILLER
119943
PLAINFIELD - RDC
RECEPTION DIAGNOSTIC CENTER
Inmate Mail/Parcels
737 MOON ROAD
PLAINFIELD, IN 46168